**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley J. Ruggles,<br><br>        Plaintiff,<br><br>vs.<br><br>City of Scottsdale,<br><br>        Defendant. | No. CV-18-02950-PHX-SPL<br><br>**ORDER** |

Pending before the Court is the Plaintiff's (i) Motion to Stay Further Proceedings and MIDP Requirements (Doc. 24), (ii) Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 23), and (iii) Motion to Strike (Doc. 25).

In the Motion to Stay Further Proceedings and MIDP Requirements, the Plaintiff seeks to stay this matter until a Rule 26(f) conference takes place. (Doc. 24 at 1) The Defendant supports the Plaintiff's request for a stay pending the Court's ruling on its motion to dismiss. (Doc. 31 at 2)  At this time, the Court does not find that a stay is necessary.  First, the Court notes that the parties have already submitted their initial MIDP responses. (Doc. 31 at 1; Doc. 15; Doc. 22)  Second, the Court does not generally authorize indefinite stays. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (stating that stays should not be indefinite in nature).  Therefore, the Motion to Stay will be denied.

In the Motion to Allow Electronic Filing by a Party Appearing Without an Attorney

and Supporting Information (Doc. 23), the Plaintiff requests permission to file and serve documents as a *pro se* plaintiff. Electronic filing requires parties to code their filing so that they are properly docketed electronically. When electronically filed documents are not properly docketed, they are not easily retrievable by the Court on its case management reports. Therefore, because Plaintiff has not shown that he possesses the legal training necessary to properly file and docket matters in this case, his request will be denied.

Finally, in the Motion to Strike, the Plaintiff seeks to strike several of the Defendant's pleadings (Docs. 6, 11, 15, 16, 17, 18, 19, 21) for violating the local Rules of Practice of the U.S. District Court for the District of Arizona 7.1(a)(3)(A) and 7.1(a)(2). (Doc. 25) The decision to grant or deny a motion to strike is within the Court's discretion. *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018). The Plaintiff does not identify the statute or rule that authorizes his motion to strike. LRCiv. 7.2(m) (stating "a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."). At this time, the Court declines to exercise its discretion to strike the Defendant's pleadings and other filings on these bases. However, the parties are admonished to ensure that their filings comply with Local Rules 7.1(a)(3)(A) and 7.1(a)(2) moving forward.

Accordingly,

**IT IS ORDERED** that the Motion to Stay Further Proceedings and MIDP Requirements (Doc. 24) is **denied**;

///
///
///
///
///
///

2

**IT IS FURTHER ORDERED** that the Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 23) is **denied**; and

**IT IS FURTHER ORDERED** that the Motion to Strike (Doc. 25) is **denied**.

Dated this 29th day of March, 2019.

Honorable Steven P. Logan
United States District Judge