**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley J. Ruggles,<br><br>             Plaintiff,<br>vs.<br><br>City of Scottsdale, et al.,<br><br>             Defendants. | No. CV-18-02950-PHX-SPL<br><br>**ORDER** |

Before the Court is City of Scottsdale's (the "Defendant") Motion to Dismiss Plaintiff's Third Complaint (the "Motion"). (Doc. 44) The Motion was fully briefed on August 5, 2019, and the Plaintiff requested oral argument. (Docs. 53, 54) Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). For the reasons that follow, the Motion will be granted.

**I. Background**

This case arises out of a domestic dispute involving Bradley J. Ruggles (the "Plaintiff") in November 2016. (Doc. 38 at 2; Doc. 44 at 3) As a result of the domestic dispute, the Plaintiff was arrested by a City of Scottsdale police officer and charged with assault and disorderly conduct. (Doc. 44 at 4) The charges against the Plaintiff were dismissed on July 14, 2017. (Doc. 44 at 6) The Plaintiff initiated this lawsuit on July 13,

2018 in the Maricopa County Superior Court, alleging claims for violations of his constitutional rights and malicious prosecution. (Doc. 1-3) On April 29, 2019, the Plaintiff filed his second amended complaint (the "Complaint") alleging identical causes of action related to his arrest and prosecution for assault and disorderly conduct. (Doc. 38)

## II. Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Zemelka v. Trans Union LLC*, 2019 WL 2327813, at 1 (D. Ariz. May 31, 2019) (*citing United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. Additionally, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Lovelace v. Equifax Info. Servs. LLC*, 2019 WL 2410800, at 1 (D. Ariz. June 7, 2019) (*citing Ritchie*, 342 F.3d at 908). A plaintiff need "not explicitly allege the contents of that document in the complaint" for the court to consider it, as long as the "plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

**III. Analysis**

**A. Claim Pursuant to 42 U.S.C. § 1983**

In the Complaint, the Plaintiff generally asserts a claim pursuant to 42 U.S.C. § 1983, but the Plaintiff does not clearly identify the basis of this claim. (Doc. 38 at 4) Instead the Plaintiff states that this claim arises out of the "alleged constitutional violations of [his] rights" as he has been denied "arrest without probable cause, right to remain silent, the right to counsel, and provide safe guards to the atmosphere and environment of the incommunicado interrogation to give plaintiff choice to give a statement freely." (Doc. 38 at 4–5) The Defendant clarifies that the Plaintiff is using the § 1983 claim to allege the violation of his 4th Amendment, 5th Amendment, 6th Amendment and 14th Amendment rights. (Doc. 44 at 6) The Defendant argues that the Plaintiff's § 1983 claim must be dismissed because the Plaintiff has not alleged that any particular municipal policy caused or resulted in the violation of the Plaintiff's constitutional rights. (Doc. 44 at 4)

A local government entity is liable under § 1983 when action pursuant to official municipal policy of some nature causes a constitutional tort. *Lee v. City of Los Angeles*,

250 F.3d 668, 681–82 (9th Cir. 2001) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir. 1992)). In order to prevail on a § 1983 claim, a plaintiff must sufficiently allege that: (1) he was deprived of his constitutional rights by the defendant and its employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to his constitutional rights; and (3) that these policies are the moving force behind the constitutional violation. *Lee*, 250 F.3d at 681–82.

In the Complaint, the Plaintiff generally alleges that the Defendant's police officer violated his constitutional rights by arresting the Plaintiff without probable cause and interrogating him. (Doc. 38 at 4–5) At no point in the Complaint does the Plaintiff allege that his injuries arise out of the Defendant's customs or policies. Accordingly, the Court finds that the Plaintiff has failed to sufficiently state a claim pursuant to 42 U.S.C. § 1983, and the Motion will be granted as to the Plaintiff's § 1983 claim.

### B. Claim Pursuant to 42 U.S.C. § 1985

The Plaintiff generally asserts a claim pursuant to 42 U.S.C. § 1985, but the Plaintiff does not clearly identify the basis of this claim. (Doc. 38 at 4) Instead the Plaintiff states that this claim arises out of the "alleged constitutional violations of [his] rights" as he has been denied "arrest without probable cause, right to remain silent, the right to counsel, and provide safe guards to the atmosphere and environment of the incommunicado interrogation to give plaintiff choice to give a statement freely." (Doc. 38 at 4–5) The Defendant clarifies that the Plaintiff is using the § 1985 claim to allege the violation of his 4th Amendment, 5th Amendment, 6th Amendment and 14th Amendment rights. (Doc. 44 at 6) The Defendant argues that the Plaintiff's § 1985 claim must be dismissed because the Plaintiff has not alleged that the Defendant's actions were motivated by class-based discrimination. (Doc. 44 at 15)

The Court finds that the allegations in the Complaint most closely align with a claim pursuant to §1985(3) because the Plaintiff does not make any allegations related to (i) preventing an officer of the United States from performing his or her duties or (ii) witness or juror intimidation. 42 U.S.C. § 1985(1–2). Therefore, the Court focuses its

analysis on the requirements of a § 1985(3) claim.  In order to successfully plead a claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege a claim "based upon a conspiracy to violate a protected right," and "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Scott v. Rosenberg*, 702 F.2d 1263, 1269–1270 (9th Cir. 1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971)).  The Plaintiff alleges that the Defendant's employees were biased against him based on his twin brother's criminal record. (Doc. 38 at 7–8, 9)  At no point in the Complaint does the Plaintiff allege that the Defendant's employees discriminated against him based on his race or any other protected category.  Accordingly, the Court finds that the Plaintiff has failed to sufficiently state a claim pursuant to 42 U.S.C. § 1985, and the Motion will be granted as to the Plaintiff's § 1985 claim.

### C. Claim Pursuant to 42 U.S.C. § 1986

42 U.S.C. 1986 imposes liability on every person who knows of an impending violation of § 1985 but neglects or refuses to prevent the violation. 42 U.S.C. § 1986.  A claim can be stated under § 1986 only if the complaint contains a valid claim under § 1985. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)).  Because the Court finds that the Plaintiff failed to state a claim pursuant to 42 U.S.C. § 1985, the Court also finds that the Complaint does not contain a valid claim under § 1986.  Thus, the Motion will be granted as to the Plaintiff's § 1986 claim.

### D. Claim Pursuant to 42 U.S.C. § 1988

42 U.S.C. § 1988 allows a court to award attorneys' fees and expert fees to a party that has prevailed on a claim pursuant to § 1983, § 1985 or § 1986. 42 U.S.C. § 1988(b-c); *Roberts v. City of Honolulu*, 2019 WL 4308874, at *3 (9th Cir. Sept. 12, 2019). Because the Court has found that the Plaintiff has not successfully pleaded claims pursuant to § 1983, § 1985 or § 1986, the Court finds that the Plaintiff has failed to successfully plead the elements sufficient to establish a claim for attorneys' fees under § 1988.  Accordingly, the Motion will be granted as to the Plaintiff's § 1988 claim.

### E. Claim Pursuant to 18 U.S.C. § 241

The Plaintiff seeks to bring a claim pursuant to 18 U.S.C. § 241. It is well settled that 18 U.S.C. § 241 does not provide a plaintiff with a private cause of action in a civil case. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987). Accordingly, the Motion will be granted as to the Plaintiff's claim pursuant to 18 U.S.C. § 241.

### F. Claim Pursuant to A.R.S. § 12-541(1)

The Plaintiff seeks to bring a claim pursuant to A.R.S. § 12-541(1) for malicious prosecution. It is well settled that all claims brought pursuant to A.R.S. § 12-541(1) have a one-year statute of limitations. Ariz. Rev. Stat. Ann. § 12-541. The Plaintiff's cause of action arose in November 2016 when he was arrested and charged with disorderly conduct and assault. (Doc. 38 at 7) The Plaintiff did not file his claim pursuant to A.R.S. § 12-541(1) until July 13, 2018, after the statute of limitations had expired. (Doc. 1-3 at 5) Accordingly, the Motion will be granted as to the Plaintiff's claim pursuant to A.R.S. § 12-541(1).

### G. Intentional Infliction of Emotional Distress

Under Arizona law, a claim for intentional infliction of emotional distress has three elements: "first, the conduct by the defendant must be 'extreme' and 'outrageous'; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct." *Andermann v. Kluwer*, 2010 WL 3808985, at *2 (D. Ariz. Sept. 23, 2010) (citing *Ford v. Revlon, Inc.*, 734 P.2d 580 (1987)). Additionally, in order to prove intentional infliction of emotional distress, the conduct complained of must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . in which . . . an average member of the community would . . . exclaim, 'Outrageous!'" *Id*.

In the Complaint, the Plaintiff argues that (i) the Defendant's officer's action of filing charges against him, (ii) the officer's failure to file charges against Randall Owen,

another participant in the domestic dispute, and (iii) the proceedings before the City of Scottsdale municipal court and the court's implementation of an order of protection, serve as the basis of his emotional distress claim. (Doc. 38) The Defendant argues that the Plaintiff's intentional infliction of emotional distress claim should be dismissed because intentional infliction claims against public entities have a one-year statute of limitations under Arizona law. (Doc. 44 at 17)

Under Arizona law, a claim for intentional infliction of emotional distress has a two-year statute of limitations. *Serrano v. Serrano*, 2012 WL 75639, at *7 (Ariz. Ct. App. Jan. 10, 2012); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1142 (D. Ariz. 2007); *Walker v. Botezatu*, 2016 WL 1625733, at *2 (D. Ariz. Apr. 25, 2016). However, claims against public entities have a one-year statute of limitations, and the Court has consistently held that the one-year statute of limitations governs claims for intentional infliction of emotional distress against public entities. *Hernandez v. Brewer*, 658 F. App'x 837, 839 (9th Cir. 2016); *Montelongo v. City of Phoenix*, 2009 WL 73665, at *1 (D. Ariz. Jan. 9, 2009); *Dema v. City of Mesa*, 2007 WL 9723280, at *5 (D. Ariz. Sept. 28, 2007), aff'd, 338 F. App'x 596 (9th Cir. 2009). The Plaintiff did not file his intentional infliction of emotional distress claim until July 13, 2018, after the statute of limitations had expired. (Doc. 1-3 at 5) Accordingly, the Motion will be granted as to the Plaintiff's intentional infliction of emotional distress claim.

### H. **Injunctive Relief and Damages**

Because the Court finds that all of the Plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court declines to address the issue of injunctive relief or punitive damages at this time.

### I. **Futility of Amendment**

Because the Complaint fails to state a claim upon which relief can be granted, the Court considers whether dismissal with prejudice is appropriate. The Plaintiff's first complaint was filed with the Maricopa County Superior Court in July 2018, and it is the Court's understanding that the original complaint was amended in state court in August

2018. (Doc. 1-3)  After removal to this Court in September 2018, the Plaintiff filed a motion to amend his complaint, which was denied by the Court. (Docs. 13, 20)  The Court granted the Defendant's first motion to dismiss (Doc. 19), but allowed the Plaintiff an opportunity to file a second amended complaint. (Doc. 36)  The Complaint is the Plaintiff's second amended complaint.  To provide the Plaintiff with a third opportunity to potentially save his complaint would violate the Court's commitment to expeditious resolutions, docket management, and fairness to the Defendant.  Therefore, for the reasons stated in both the present and previous dismissal, the Court dismisses the Plaintiff's Complaint with prejudice.

Accordingly,

1. **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 44) is **granted**, and the Plaintiff's Complaint (Doc. 38) is dismissed with prejudice;

2. **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case and enter judgment accordingly; and

3. **IT IS FURTHER ORDERED** that the Plaintiff's Motion to Set Rule 26(f) Conference (Doc. 48) is **denied as moot**.

Dated this 30th day of September, 2019.

Honorable Steven P. Logan
United States District Judge